1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

10   CHRISTIAN TAYLOR,

11                          Plaintiff,

12          v.

13   CAROLYN W COLVIN, Acting
     Commissioner of the Social Security
14   Administration,

15                          Defendant.

CASE NO. 12-cv-05599 JRC

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT
TO 42 U.S.C. § 406(b)

16
17          This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local

18   Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge

19   and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 7).

20   This matter is before the Court on plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. §

21   406(b) (*see* Dkt. 32). Defendant has no objection to plaintiff's request (*see* Dkt. 35).

            The Court may allow a reasonable fee for an attorney who represented a Social Security
22
23   Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in

24   excess of 25 percent of the total of past-due benefits. *See* 42 U.S.C. § 406(b)(1); *Grisbrecht v.*

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 1

*Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first to such agreement and will conduct an independent review to assure the reasonableness of the fee requested, taking into consideration the character of the representation and results achieved. *See Grisbrecht, supra*, 535 U.S. at 807, 808 (footnote omitted) (citations omitted). Although the fee agreement is the primary means for determining the fee, the Court will adjust the fee downward if substandard representation was provided, if the attorney caused excessive delay, or if a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*citing Grisbrecht, supra*, 535 U.S. at 808).

Here, the representation was standard, at least, and the results achieved excellent (*see* Dkt. 34, Attachment 1). *See Grisbrecht, supra*, 535 U.S. at 808.  Following oral argument, this Court remanded the case for further consideration and benefits were awarded (*see* Dkts 22, 23, 25). There has not been excessive delay and no windfall will result from the requested fee.

Plaintiff's total back payment was $86,480.00 (*see* Dkt. 34, Attachment 1).  The Social Security Administration ("Administration") withheld $21,620.00 from the past-due benefits to pay plaintiff's representative (*see* Dkt. 34, Attachment 1, p. 4).  Plaintiff's attorney has previously received $6,000.00 in 406(a) attorney fees for representation before the Administration (*see* Dkt. 32, pp. 3-4).  The Administration is holding $15,620.00 for payment of any requested and authorized 406(b) attorney fees for representation before the Court (Dkt. 34, Attachment 1, p. 4).  Plaintiff has moved for an attorney's fee of $21,620.00 for such representation (*see* Motion, Dkt. No. 32, p. 1), minus an offset for the EAJA fees of $9,024.33 already awarded (*see* Dkt. 31). *See Parish v. Comm'r. Soc. Sec. Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2012).

1     The Court has reviewed plaintiff's motion and supporting pleadings (Dkts. 32, 33, 34),

2   and defendant's response with no objection (Dkt. 35), and concludes that plaintiff's attorney is

3   entitled to the funds withheld by the Administration ($21,620.00), minus an offset for the EAJA

4   fees already awarded ($9,024.33), for a current award of $12,595.67 pursuant to 42 U.S.C. §

5   406(b).

6     It is hereby ORDERED that attorney's fees in the amount of $12,595.67 be awarded to

7   plaintiff's attorney pursuant to 42 U.S.C. § 406(b).

8     Dated this 9th day of October, 2015.

9

10                                              J. Richard Creatura
11                                              United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 3